Form B2500A (12/15)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br>Harry S. Porterfield | Bankruptcy No:<br>19-00197 |
| Debtor(s). | Chapter 7 |
| Harry S. Porterfield<br>*Plaintiff(s)* | Adversary No. 19-09020 |
| vs. | |
| KeyBank National Association<br>Campus Federal Credit Union<br>*Defendant(s)* | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its office and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:    111 Seventh Avenue SE #15
                                       Cedar Rapids, IA 52401-2101

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Attorney for Plaintiff(s)    Steven G. Klesner
                                                 373 Scott Ct, Ste B
                                                 PO Box 3400
                                                 Iowa City, IA 52244

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                                             MEGAN R. WEISS
                                                              Acting Clerk, Bankruptcy Court
                                                              by:

                                                              *Theresa J. Stpelman* (signature)
                                                              Deputy Clerk

Date of Issuance: June 18, 2019

Form B2500A (12/15)

19-09020

# CERTIFICATION OF SERVICE

I, __Dawn Krabill__ (name), certify that service of this summons and a copy of the complaint was made __June 18, 2019__ (date) by:

☒ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
__See attached service list.__

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:


☐ Residence Service: By leaving the process with the following adult at:


☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:


☐ Publication: The defendant was served as follows: [Describe briefly]


☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]


If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __6/18/2019__          Signature __Dawn Krabill__

Print Name: __Dawn Krabill__

Business Address: __PO Box 3400__
__Iowa City, IA 52244__

**Service List**

Campus Federal Credit Union
c/o Kizer, Hood & Morgan, LLP
2111 Quail Run Drive
Baton Rouge, LA 70808

Mohela/Laurel Road Bank
100 Post Road
Darien, CT 06820

Laurel Road Finance, Inc.
c/o Corporation Service Company
505 5th Ave, Ste 729
Des Moines, IA 50309

KeyBank National Association
Christopher M. Gorman, CEO
127 Public Square
Cleveland, OH 44114

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Harry S. Porterfield<br>328 N. Dodge St<br>Iowa City, IA 52245 | DEFENDANTS<br>KeyBank National Association<br>Campus Federal Credit Union |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Steven G. Klesner<br>Johnston, Stannard, Klesner, Burbidge & Fitzgerald, PLC<br>373 Scott Ct, Ste B<br>PO Box 3400<br>Iowa City, IA 52244<br>(319) 338-9852 Fax: (319) 354-7265 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>[✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | PARTY (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Determination of discharge pursuant to 11 U.S.C. § 523(a)(8).

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[X] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[X] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought<br>**Determination of dischargeability.** | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||| 
|---|---|---|---|
| NAME OF DEBTOR<br>Harry S. Porterfield ||| BANKRUPTCY CASE NO.<br>19-00197 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Iowa | DIVISION OFFICE<br>Cedar Rapids || NAME OF JUDGE<br>Thad J. Collins |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Steven G. Klesner<br>Steven G. Klesner ||||
| DATE<br>June 14, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven G. Klesner |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re Harry S. Porterfield,<br><br>Debtor.<br><br><br>Harry S. Porterfield,<br><br>Plaintiff,<br><br>v.<br><br>KeyBank National Association, and<br>Campus Federal Credit Union,<br><br>Defendants. | Chapter 7 No. 19-00197<br><br><br><br><br><br>Adv. Pro. No. _____ |

## PLAINTIFF'S COMPLAINT

Plaintiff Harry S. Porterfield files this Complaint against Defendants KeyBank National Association and Campus Federal Credit Union, on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

### I.

### PARTIES

**A.  Plaintiff**

1. Harry S. Porterfield is a citizen of the State of Iowa, residing in the State of Iowa.

**B.  Defendant**

2. Keybank National Association (hereinafter "KeyBank") is a bank headquartered in Cleveland, Ohio, and is a subsidiary of KeyCorp. In 2019, Keybank acquired New York based Laurel Road Bank, a student loan lender, and maintains Laurel Road as a brand.

3. Campus Federal Credit Union (hereinafter "CFCU") is a credit union based in Louisiana.

II.

## JURISDICTION AND VENUE

4. This Adversary Proceeding is brought under Case Number 19-00197.

5. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

6. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

7. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

III.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Background of the Problem**

8. The federal student loan program was originally designed in response to Sputnik. After the successful launch of the Soviet rocket, the U.S. government became worried that the Russians were outpacing Americans in science and math education. In order to make Americans more competitive in the space race, the government authorized the creation of the National Defense Education Act in 1958 and the Guaranteed Student Loan Program (now the Stafford Loan) in 1965.

9. Even by the 1970s, few students needed loans to go to college. The average cost of tuition was only $2,587 and the average debt for a medical student was only $13,469. With Pell grants, scholarships, and summer jobs, even kids from lower-income backgrounds could often make it through college debt free. But largely in response to anecdotal evidence about a few dishonest lawyers filing for bankruptcy immediately after graduation, Congress made student loans presumptively non-dischargeable in bankruptcy for the first five years of

repayment, unless excepting such discharge would impose an "undue hardship" on the debtor or her dependents. Although this rule was at odds with the fundamental purpose of the bankruptcy code, it was perhaps a reasonable exception as it only applied to the first five years of repayment.

10. Congress did not define "undue hardship" in 1978 but instead left that determination to the courts. Over the next thirty years, courts wrestled with meaning of "undue hardship," creating and discarding nearly a dozen tests, working within and without the text of the statute, now commingling the court's equitable powers under section 105 with the court's mandate under section 523(a)(8), now refusing to do so. Over time, two tests have emerged triumphant from the cauldron of judicial lawmaking: the Brunner Test ("Brunner") and the Totality of the Circumstances Test ("TOC"). These two tests are supplemented with wide disagreement over whether courts are permitted to discharge one of several loans, a practice known as "partial discharge."

11. After Brunner and TOC had interpretted the meaning of "undue hardship," Congress amended section 523(a)(8) in two chief ways: (1) abolishing the five year time frame and making student loans non-dischargeable in perpetuity; and (2) adding subsection 523(a)(8)(B) which excepted from discharge qualified private student loans. The problem with these amendments is that the "undue hardship" standards were created when courts were only charged with determining whether repayment of federally insured loans with capped interest rates during the first five years would constitute an undue hardship. Both Brunner and the Totality of the Circumstances test are therefore incredibly harsh because courts knew, when formulating those standards, that after five years the debt could be discharged without any showing of financial strain.

12. When applying TOC, which is binding precedent in this Circuit, Plaintiff humbly prays that this Court reconsider the changing legal landscape of section 523(a)(8) since the time TOC was enacted.

**B.  The Distinction Between Non-Dischargeable And Dischargeable Educational Debt**

13.  Private education loans have limited protection from discharge under section 523(a)(8). Section 523(a)(8)(A)(i) of the Bankruptcy Code excepts from discharge loans "made, insured, or guaranteed by a governmental unit," or those made under a program funded by a governmental unit or nonprofit institution. This section clearly applies to federal loans, and colleges and universities.

14.  Section 523(a)(8)(A)(ii) excepts certain obligations to repay certain funds received as an educational "benefit," plus scholarships or stipends. It does not apply to loans, although creditors have argued that this section does apply to loans, and should be interpreted so broadly as to swallow the entirety of § 523(a)(8).

15.  Section 523(a)(8)(B) of the Bankruptcy Code excepts from discharge a "qualified education loan" as defined in section 221(d)(1) of the Internal Revenue Code. Section 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to pay for "qualified higher education expenses." "Qualified higher education expenses" are in turn defined in section 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Title IV eligible institution by an "eligible student." A Title IV eligible institution is one recognized by the Department of Education under Title IV of the Higher Education Act. "Cost of Attendance" is term found in section 472 of the Higher Education Act at 20 U.S.C. § 1087ll, that includes tuition, fees, room, board, books, and living expenses. An "eligible student" is defined in 20 U.S.C. § 1091 and 34 CFR 668.32 as, *inter alia*, students who have not yet exceeded their annual or aggregate borrowing limits under any program authorized by Title IV of the Higher Education Act. (hereinafter referred to as "Qualified Education Loans").

16.  Consumer loans made to persons to cover expenses at non-eligible institutions or to ineligible students are not Qualified Education Loans. These educational loans remain dischargeable under the Bankruptcy Code. Such expenses include: (i) living expenses in excess

of the amount determined necessary by the accredited college or university; (ii) money to pay for bar review classes for recent law school graduates; (iii) money to pay for expenses related to residency for recent medical school graduates; (iv) money to pay for a child's K-12 education; (v) money to pay for unaccredited for-profit schools; and (vi) money lent to ineligible students. The interest on these debts is not tax deductible pursuant to 26 U.S.C. § 221(d), and they are dischargeable in bankruptcy (hereinafter referred to as "Consumer Education Loans").

17. Where confusion exists in determining whether an educational debt is a Qualified Education Loan or a Consumer Education Loan, the Bankruptcy Code places to burden on the creditor to establish by a preponderance of the evidence that the educational debt in question is excepted from discharge.

## C. Plaintiff's Background and Loan History

18. Between July 2008 and May 2012, Plaintiff attended Rocky Vista University, College of Osteopathic Medicine, in Parker, Colorado (hereinafter "RVU"). RVU is a for-profit medical school. RVU has the highest rate of graduate debt of all medical schools in this country, at approximately $364,000. Plaintiff was enrolled in the first class of graduating students from RVU.

19. During his attendance at RVU, Plaintiff borrowed from Sallie Mae and Bank of Lake Mills. He refinanced his debt with Darien Rowayton Bank, also known as "DRB" or "DR Bank" in 2015 or 2016. DRB changed its name in 2018 to Laurel Road Bank and was acquired in 2019 by KeyBank. Plaintiff's Debts to KeyBank were being serviced by Mohela at the time of the bankruptcy filing.

20. During his attendance, RVU was not a Title IV institution recognized by the Department of Education under the Higher Education Act. As a result, students at RVU were not eligible to participate in federally subsidized loan programs or to receive federal financial aid,

and the Plaintiff's Debts to KeyBank are not Qualified Education Loans excepted from discharge under § 523(a)(8)(B).

21. The Plaintiff's Debts to KeyBank also are not loans made, insured, or guaranteed by a governmental unit, or obligation to repay funds received as an educational benefit, scholarship, or stipend. Accordingly, the Debts to KeyBank are not excepted from discharge under either subsection of § 523(a)(8)(A).

22. Following his graduation from RVU, Plaintiff obtained a loan from CFCU, for personal use during his post-graduation medical residency. Because this loan is not an educational loan, it is not excepted from discharge under any subsection of § 523(a)(8).

### D. **Plaintiff Files For Bankruptcy**

23. Plaintiff filed for bankruptcy in this Court on March 1, 2019. He listed on Schedule F of his bankruptcy petition a debt to Mohela/Laurel Road Bank in the amount of $459,146.00, for non-qualified loans. The scheduled monthly payment listed on the credit report is $4,101.00.

24. Plaintiff's Debts to KeyBank now exceed $460,000.00, and bear interest at the annual rate of 6.25%. The Debts accrue interest of approximately $25,000 each year.

25. Plaintiff owes approximately $63,500.00 on his one loan to CFCU, and listed this obligation on his Schedule F as a non-educational line of credit.

26. Plaintiff's disposable income at the time of the bankruptcy filing was negative $5,157.33 per month, which included an estimated payment to KeyBank of $4,000.00.

27. Plaintiff has accepted a position with NIH in Bethesda, MD, beginning July 1, 2019. The position pays $180,000.00 annually, but Plaintiff expects his Debts to KeyBank will continue to impose an undue hardship on him or his dependents.

28. Plaintiff lives with his wife and son. His family, who are dependent upon his income, suffer serious health conditions which render them unable to contribute financially, and which places further financial and emotion burdens on the Plaintiff.

## IV.

## CLAIMS FOR RELIEF

**A.   Count One: Declaratory Judgment and Determination of Dischargeability**

29. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

30. Plaintiff's Debts are not excepted under §§ 523(a)(8)(A)(i), 523(a)(8)(A)(ii), or 523(a)(8)(B).

31. Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that the Debts are to be included in the general discharge entered by this Court.

**B.   Count Two: Undue Hardship**

32. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

33. Plaintiff is entitled to discharge of his debt to the Defendants, either in whole or in part, because repayment would constitute an "undue hardship" on him or his dependents.

34. Plaintiff meets the standard for undue hardship as articulated in Totality of the Circumstances test.

35. Accordingly, Plaintiff prays this Court discharge his student debt in part or in total.

V.

## PRAYER

36. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

(1) declaratory and injunctive relief;

(2) determination of dischargeability;

(3) other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Steven G. Klesner
Steven G. Klesner AT0004271
Johnston, Stannard, Klesner, Burbidge
& Fitzgerald, P.L.C.
373 Scott Court, Suite B
PO Box 3400
Iowa City, Iowa 52244
(319) 338-9852 Telephone
(319) 354-7265 Facsimile
ATTORNEY FOR DEBTOR/PLAINTIFF